UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FELIPE AGUILAR GAMA,<br><br>      Plaintiff,<br><br> v.<br><br>PAMELA BONDI, et al.,<br><br>      Defendants. | CASE NO. 2:25-cv-01925-TL<br><br>ORDER DIRECTING PARTIES TO MEET AND CONFER |

Petitioner Felipe Aguilar Gama filed a petition for writ of habeas corpus and a motion for a Temporary Restraining Order and Stay of Removal ("TRO"), preventing his removal from the United States and his transfer to another facility while these proceedings are pending. Dkt. No. 2.

Mr. Aguilar Gama has been detained at the Northwest ICE Processing Center in Tacoma, Washington, since September 15, 2025, when ICE reinstated a 2005 removal order. Dkt. No. 2 ¶ 4. Mr. Aguilar Gama was granted deferred action on April 20, 2025, following a bona fide determination of his Petition for Qualifying Family Member of U-1 Recipient that accompanied his wife's U visa application. *Id.* ¶ 5.

Respondents have neither entered an appearance nor responded to Petitioner's motion. It appears Petitioner's removal may be imminent, as "his 'commissary account had been drained' and [ ] he was being taken back to a room where others had been told they were being deported." *Id.* ¶ 15, Dkt. No. 2-2 at 2. The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025) ("Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter.").

Accordingly, the Court ORDERS as follows:

1. Petitioner's motion for a temporary restraining order (Dkt. No. 2) is GRANTED pending Respondents' response.

2. Respondents ARE PROHIBITED from removing Petitioner from this jurisdiction—i.e., the Western District of Washington—without further order from this Court.

3. Plaintiff's counsel SHALL contact Defendants' counsel immediately to provide a copy of this Order and meet and confer on (1) a briefing schedule for the TRO; (2) an expedited briefing schedule for Petitioner's underlying habeas petition; and (3) whether the government will agree to a stipulated order to not deport Petitioner from the United States and not to transfer Petitioner to another facility during the pendency of this action.

4. If the Parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, then Defendants SHALL respond to the TRO on the schedule set by Local Civil Rule (LCR) 65.

5. The Parties SHALL contact the courtroom deputy by email if they wish to schedule oral argument on the motion for a temporary restraining order or the underlying habeas petition.

Dated this 4th day of October, 2025.

Tana Lin
United States District Judge